IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD GESIORSKI;<br>DAWN GESIORSKI, H/W; and<br>LIL' BIT OF CHICAGO, INC.,<br>**Plaintiffs**<br><br>v.<br><br>BRANCH BANKING & TRUST<br>COMPANY, f/n/a CARROLL<br>COUNTY BANK & TRUST,<br>**Defendant** | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL NO. 1:13-CV-00606<br><br><br><br><br><br>(Judge Rambo) |

# **M E M O R A N D U M**

Presently before the court is Defendant's motion to dismiss Plaintiffs' complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 3.) Specifically, Defendant argues, *inter alia*, that Plaintiffs' complaint should be dismissed because the action is barred by the doctrine of *res judicata*. For the reasons set forth below, Defendant's motion will be granted, and Plaintiffs' claims will be dismissed.

## **I.  Background**[1]

Plaintiff Lil' Bit of Chicago, Inc., is a Pennsylvania business corporation with a principal place of business address at 20 McKinley Ave., Hanover, York County. (Doc. 1-2, ¶ 1.) Plaintiffs Gerald and Dawn Gesiorski are adult residents of Pennsylvania. (*Id.* ¶ 2.) Defendant Branch Banking & Trust

---

[1] As required when deciding a motion to dismiss, the court will accept as true all well-pleaded factual allegations contained in Plaintiffs' complaint. (Doc. 1-2.)

Company ("BB&T") is a banking corporation with business offices in Maryland and North Carolina. (*Id.* ¶ 3.)

At all times relevant to this litigation, the Gesiorskis were tenants by the entireties of a parcel identified as 894 Hershey Heights Road, Penn Township, York County, Pennsylvania. (*Id.* ¶ 5.) On December 23, 1992, Plaintiffs obtained a mortgage from BB&T's predecessor-in-interest, Carroll County Bank & Trust. (*Id.*) The mortgage secures a mortgage note executed contemporaneously with the mortgage. (*Id.*) Sometime thereafter, BB&T filed an action in assumpsit with confession of judgment against Plaintiffs. (*Id.* ¶ 6.) Plaintiffs each filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Middle District of Pennsylvania. (*Id.*) During the pendency of the Bankruptcy, the Gesiorskis asked for an accounting of loan repayments made to BB&T and for permission to apply insurance proceeds from the payment of an insured casualty loss to one of the business premises to reconstruction of the collateral. (*Id.* ¶ 7.) On May 1, 2006, both bankruptcies were dismissed without discharging the BB&T mortgage debt. (*Id.* ¶ 8.)

On July 8, 2003, BB&T filed an action in mortgage foreclosure against Plaintiffs, and on August 6, 2004, judgment was entered in the amount of $351,793.50. (*Id.* ¶¶ 9, 10, & 11.) On December 13, 2004, a Sheriff Sale was conducted and BB&T was the successful bidder at the sale, with a bid amount of $1,769.15, thus creating a deficiency that was not satisfied by the sale. (*Id.* ¶¶ 12, 13 & 15.) However, BB&T failed to commence an action for a deficiency judgment, in violation of 42 Pa. C.S. §8103(a). (*Id.* ¶ 17.)

At various times subsequent to the Sheriff's Sale of the home, the Gesiorski's had opportunities to sell the remaining parcels, subject to BB&T's mortgage. (*Id.* ¶ 19.) The Gesiorski's, through counsel, made multiple requests to BB&T on each occasion to provide a current statement of account and an amount for each remaining parcel which BB&T would accept to release each parcel from the mortgage lien as each sale concluded. (*Id.*) However, the bank did not respond and those opportunities to sell the home were lost. (*Id.*)

On December 1, 2009, counsel for Gesiorski made a formal written demand upon BB&T to satisfy the outstanding judgments and mortgage. (*Id.* ¶ 20.) Plaintiffs allege that they had a statutory right to satisfaction of the judgments, mortgage, and mortgage modifications no later than on and after June 13, 2005. (*Id.* ¶ 21.) Plaintiffs also allege that BB&T failed to satisfy the mortgage. (*Id.* ¶ 26h.) Specifically, Plaintiffs each bring the following claims against BB&T: (1) Breach of Contractual Duty of Good Faith and Fair Dealing (Counts I, IV, and VII); (2) Breach of Fiduciary Duty of Care (Counts II, V, and VIII); and (3) Attorneys' Fees for Defendant's vexatious behavior (Counts III, VI, and IX). (Doc. 1-2 ¶¶ 27-47.)

On March 13, 2013, Defendant filed the present motion to dismiss for failure to state a claim, accompanied by a brief in support. (Docs. 3 & 4.) On April 2, 2013, having received no brief in opposition from Plaintiffs, the court issued a rule to show cause why Defendant's motion should not be deemed unopposed, and granted Plaintiffs an extension of time to April 12, 2013, to respond. On April 5, 2013, Plaintiffs filed an answer to Defendant's motion to dismiss (Doc. 12) and a brief in opposition (Doc. 13). On April 19, 2013, Defendant filed a reply brief. Having now been fully briefed, the matter is ripe for disposition.

## II.     Standard

"Although *res judicata* and collateral estoppel are affirmative defenses, they may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *Walzer v. Muriel, Siebert & Co., Inc.*, 221 F. App'x 153, 155 (3d Cir. 2007.)  When presented with a motion to dismiss for failure to state a claim, the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009), and ultimately must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).  The complaint must do more than allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Fowler,* 578 F.3d at 211 (citations omitted).  As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a) (alterations in original).)  In other words, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*.  "To decide a motion to dismiss, courts generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." *Pension Benefit Guar. Corp. v. White*

*Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (citations omitted); *see also Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

**III.      Discussion**

The basis of Defendant's *res judicata* argument lies in a very similar case also filed in the Middle District of Pennsylvania before the Honorable John E. Jones. *See* Docket No. 1:12-CV-449-JEJ. In that case, the Gesiorskis and Lil' Bit of Chicago, Inc. brought claims against BB&T regarding the same mortgage at issue in this case. Specifically, Plaintiffs claimed that: (1) BB&T failed to satisfy the mortgage within sixty (60) days of the presumptive receipt of all sums due, in violation of the 21 P.S. § 721-6(d); (2) BB&T failed to satisfy the judgments within thirty (30) days as required; and (3) sought attorneys' fees for Defendant's "vexatious" conduct under 42 Pa. C.S. § 2503(9) and 21 P.S. § 721-6(d). On June 6, 2012, Judge Jones granted Defendant's motion to dismiss and dismissed the complaint with prejudice, finding that: (1) Plaintiffs failed to state a claim under the Mortgage Satisfaction Act, and; (2) under 42 Pa. C.S. § 8104, Plaintiffs claims for liquidated damages for Defendant's alleged failure to satisfy the mortgage foreclosure and judgments must be heard by the tribunal in which the original judgment was entered, in this case, the York County Court of Common Pleas. *See Gesiorski v. BB&T*, 2012 U.S. Dist. LEXIS 79077 (M.D. Pa. June 7, 2012). The court subsequently denied Plaintiffs' motion for reconsideration, and the Third Circuit Court of Appeals recently affirmed the district court's dismissal, finding that the Plaintiffs/Appellants failed to state a claim under the Mortgage Satisfaction Act because the debt was "constructively discharged," which does not equate to a

"payment," as required by the Act. *See Gesiorski v. BB&T*, No. 12-2900 (3d Cir. May 8, 2013).

Plaintiffs now bring suit against BB&T based on the same facts, but setting forth different causes of action. The gist of the causes of action in the prior complaint were rooted in alleged statutory violations, and Plaintiffs now bring claims based on breach of contract and breach of fiduciary duty. Defendant argues that the suit must be dismissed based on the principles of *res judicata*. The court agrees.

"Res judicata, or claim preclusion, is a doctrine by which a former adjudication bars a later action on all or part of the claim which was the subject of the first action." *R.S. Fin. Corp. v. Kovalchick*, 716 A.2d 1228, 1230 (Pa. 1998). Under Pennsylvania law,[2] "there must be a concurrence of four conditions" for *res judicata* to apply. *In re Iulo*, 766 A.2d 335, 337 (Pa. 2001). *Res judicata* applies when there is: 1) identity of issues; 2) identity of causes of action; 3) identity of persons and parties to the action; and 4) identity of the quality or capacity of the parties suing or being sued. *Id.* It is well-established that *res judicata* applies not only to claims actually litigated, but also to claims that "could have and should have

---

[2] Because both parties cite to Pennsylvania law in their respective briefs, there does not appear to be any dispute that Pennsylvania law applies to the instant matter. The court notes that the issue of whether to apply federal or state preclusion law in successive federal diversity cases has been the subject of some confusion, and the Third Circuit has not definitively ruled on this issue. *See Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 962-63 (3d Cir. 1991) (noting that courts have applied both state and federal law of preclusion when faced with successive diversity suits, and applying federal law, in part because the parties assumed it applied and in part because there would be no substantive difference between application of federal or state law); *see also Total Control, Inc. v. Danaher Corp.* 359 F. Supp. 2d 380, 384 (E.D. Pa. 2005) (citing *Semtek Int'l, Inc. v. Lockheed Martin Corp.*, 531 U.S. 497 (2001), for the proposition that federal common law governs preclusion law in successive diversity suits, but finding that because Pennsylvania preclusion law was not incompatible with federal interests in that case, federal common law required application of Pennsylvania preclusion law.) In light of the lack of clear guidance on this issue, and the parties apparent agreement that Pennsylvania preclusion law is applicable, the court will apply Pennsylvania preclusion law.

been litigated because they arose from the same transaction or series of transactions." *Perelman v. Perelman*, 2013 U.S. Dist. LEXIS 62776, *15 (E.D. Pa. May 2, 2013) (citing *Malone v. West Marlborough Twp. Bd. of Supervisors*, 603 A.2d 708, 711 (Pa. Commw. Ct. 1992)); *see also R/S Fin. Corp.*, 716 A.2d at 1230.

The first prong, the identity of issues, requires that the "same occurrence underlies both suits." *Michaels v. Pimlico Realty Co.*, 2004 U.S. Dist. LEXIS 22431, *11 (E.D. Pa. Nov. 1, 2004) (citing *Duquesne Slag Prods. Co. v. Lench*, 415 A.2d 53 (Pa. 1980)). Here, Plaintiffs concede this point in their brief in opposition when they state: "The factual allegations in both Complaints are virtually identical." (Doc. 13, p. 2 of 7.) Plaintiffs further admit that "[t]he instant action is an action for breach of contract arising out of the same fact pattern, but seeking contractual damages." (*Id.*) Indeed, the court's review of the complaint filed in this case and the complaint filed in the previous case reveals that many of the enumerated paragraphs in the present complaint are identical to the those in the prior complaint. Specifically, paragraphs 1-6, 8-17, and 20-25 are identical to those filed in the prior action. There is no doubt that the subject matter of both suits is the December 3, 1992 mortgage provided by BB&T to Plaintiffs. Accordingly, there is an identity of issues between this suit and the prior suit because both suits arise out of the same occurrence or transaction.

The second prong, identity of causes of action, does not require the claims to be identical, but rather "exist[s] when, in both the prior and subsequent proceedings the subject matter and the ultimate issues are the same." *Michaels*, 2004 U.S. Dist. LEXIS 22431, *12-13 (quoting *Patel v. Workmen's Comp. Appeal Bd.*, 488 A.2d 1177 (Pa. Commw. Ct. 1985)). As stated, the subject matter of the two

suits are the same, and the causes of action are predicated on the same occurrences. Although the causes of action are not identical, the proper inquiry is whether the claims *could have been* litigated. Plaintiffs attempt to distinguish the causes of action by arguing that the previously dismissed causes of action "were statutory causes of action seeking statutory liquidated damages for failure to comply with a statutory duty to mark the mortgage and the judgements satisfied [whereas] [t]he instant action is an action for breach of contract arising out of the same fact pattern, but seeking contractual damages." (Doc. 13, at p. 2 of 7.) Notwithstanding Plaintiffs' attempt to distinguish these two cases, Plaintiffs offer no reason, nor does the court detect any reason, why the instant causes of action could not have been brought in the prior suit. Moreover, a plaintiff cannot avoid the consequences of a prior judicial adjudication merely by altering the character of the relief sought. *See Swift v. Radnor Twp.*, 983 A.2d 227, 232 (Pa. Commw. Ct. 2009) (citing *Dempsey v. The Cessna Aircraft Co.,* 653 A.2d 679, 681-82 (Pa. Super. Ct. 1995)). Rather, this is precisely the type of "second bite at the apple" that the doctrine of *res judicata* is meant to prevent. *See R/S Fin. Corp.*, 716 A.2d at 588 ("The purposes of the rule are the protection of the litigant from the dual burden of relitigating an issue with the same party or his privy and the promotion of judicial economy through prevention of needless litigation.") Thus, the second prong is satisfied.

The third prong, identity of parties, is not contested and is also satisfied. The parties to this action are the exact same parties to the prior action.

Lastly, the final prong is whether the parties in the two actions are suing, or being sued, in the same capacity. In the instant matter, Plaintiffs are suing

Defendant in the same capacity as in the previous proceedings. Plaintiffs do not dispute this point.

In short, any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit in instances where the four aforementioned conditions are met. Having found those conditions satisfied, the court also finds that Judge Jones's order of dismissal with prejudice, which was affirmed by the Third Circuit Court of Appeals, acts as a final judgment by a court of competent jurisdiction. *See Consolidation Coal Co. v. District 5, United Mine Workers of America*, 485 A.2d 1118, 1123 (Pa. Super. Ct. 1984) ("The dismissal of an action with prejudice indicates that . . . the dispute between the parties has been resolved and the court will not allow either party to commence a new action based on the same claim.") Thus, the instant matter is precluded under the doctrine of *res judicata*.[3]

**IV.     Conclusion**

For the reasons set forth herein, the court will grant Defendant's motion to dismiss. An appropriate order will be issued.

s/Sylvia H. Rambo<br>United States District Judge

Dated: May 10, 2013.

---

[3] In light of this holding, the court need not address Defendant's additional arguments that (1) there is no cause of action in Pennsylvania for the breach of an implied contractual duty of good faith and fair dealing; and (2) Plaintiffs' causes of action for breaches of fiduciary duty are barred by the applicable statute of limitations.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GERALD GESIORSKI;
DAWN GESIORSKI, H/W; and
LIL' BIT OF CHICAGO, INC.,

    **Plaintiffs**

    v.

BRANCH BANKING & TRUST
COMPANY, f/n/a CARROLL
COUNTY BANK & TRUST,

    **Defendant**

CIVIL NO. 1:13-CV-00606

## **O R D E R**

In accordance with the accompanying memorandum, it is **HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 3) is **GRANTED**. Plaintiffs' complaint is **DISMISSED**. The clerk of court is directed to **CLOSE** this case.

                                            s/Sylvia H. Rambo
                                            United States District Judge

Dated: May 10, 2013.